[Decided April 17, 1894.]

## DICE v. McCAULEY.
[S. C. 36 Pac. 530.]

The plaintiff in an action to recover possession of a designated portion of the north half of a donation land claim makes out a *prima facie* case by introducing a patent to herself from the United States government to the north half of the claim, and the evidence of a surveyor that the true division line between the two halves of the claim was about thirty feet south of a designated house, where the answer alleges that the line described in the complaint as the north line of the tract in dispute was located by plaintiff and her husband as an agreed dividing line between the north half of the claim belonging to plaintiff and the south half belonging to her husband, which line is several rods north of such house.

APPEAL from Polk: GEO. H. BURNETT, Judge.

This is an action to recover possession of a certain portion of the north half of the donation land claim of E. C. Dice and wife, bounded, as described in the complaint, on the west by the Oregon & California Railroad Company's right of way strip, on the east by the east line of the donation claim, on the south by a line running east and west dividing the claim into equal parts, and on the north by "a line beginning at the west margin of a certain slough on said claim, and abutting the land now owned by one Dove in said claim; thence running south eighty-eight degrees west, at a distance of two chains north of the old dwelling-house situated on said claim; thence westerly along and following the center of a certain turning row and roadway, following the said

center of said turning row and roadway to the east
boundary line of one Rogers' land in said donation claim."
The answer denied plaintiff's ownership and right to the
possession, and for an affirmative defense averred (1)
that the line described in the complaint as the north
line of the tract in dispute, and which is particularly set
out in the answer in the exact language of the com-
plaint, was in 1869 established and located by the plain-
tiff and her husband as an agreed dividing line between
the north half of the claim, which belonged to the plain-
tiff, and the south half thereof, which belonged to her
husband, the predecessor in interest of the defendant;
and (2) that defendant and her predecessors in interest
are now and have been for more than ten years last past
in the open, exclusive, and adverse possession of all of
that portion of the donation claim lying south of such
line, and that plaintiff has not been in possession thereof.
The allegations of the answer were denied by the reply,
and upon the trial the court sustained a motion by de-
fendant for a nonsuit, on the gound that the plaintiff had
not proven a case sufficient to be submitted to the jury,
and this is the only question on this appeal.

                                             REVERSED.

*Messrs. Reuben P. Boise* and *Bonham & Holmes,* for Ap-
pellants.

*Messrs. Daly, Sibley & Eakin* and *W. S. McFadden,* for
Respondents.

Opinion by MR. JUSTICE BEAN.

To sustain the issues on her part, the plaintiff, after
giving in evidence a patent from the government of the
United States granting to her the north half of the dona-
tion land claim of E. C. Dice and wife, called as a wit-

ness one W. P. Wright, a surveyor, who testified that he knew and had traced the line which the defendant by her answer claims to be her north line, and that it ran north of the dwelling-house, and is the same line described in the complaint as the north boundary of the land in controversy. Plaintiff also offered herself as a witness, and testified that she was acquainted with the land in controversy, and that it was a part of her donation claim; that it was in the possession of the defendants, and had been since September twenty-ninth, eighteen hundred and ninety; that before bringing this action she had the line dividing the north from the south half of the claim run by one T. W. Butler, county surveyor of Polk County, and that such line ran several feet on the south of the dwelling-house. Butler was called, and testified that he run the line dividing the north from the south half of the claim, and that such line as run by him passed about thirty feet south of the dwelling-house. This is sufficient of the evidence to show the grounds upon which the motion for nonsuit was made and granted. In support of the motion and of the ruling of the trial court, it is argued that plaintiff, by her testimony, failed to show a sufficient description of any land owned by her in possession of the defendants, and that she made no attempt to describe or identify the lands in controversy or claimed to be in controversy.

Under the pleadings, as we understand them, it is admitted that the land in controversy is that portion of the north half of the Dice donation claim, if any, lying south of the line alleged by the defendant to be the agreed line dividing the claim, and bounded on the west by the Oregon & California Railroad Company's right of way, and on the east by the east line of the claim. The only uncertainty in the description contained in the complaint is the north boundary, and that is obviated by the an-

swer. So that it was only necessary for the plaintiff, in order to make out a *prima facie* case, to prove that she was the owner of the north half of the claim, and that the south line thereof was south of the alleged agreed line, which is admitted to run two chains north of the dwelling-house, and this she did by her patent and the evidence of the county surveyor, who testified that the true division line as run by him was about thirty feet south of the house. From this testimony, if true, it is evident that the strip of land between the true division line, which is south of the house some thirty feet, and the alleged agreed line, which is north of the house two chains and which is admitted to be in the possession of the defendant, is on plaintiff's portion of the claim and that she is the owner and entitled to the possession thereof, unless the defense set up in the answer is sustained. Such being the case, we think there was evidence sufficient to go to the jury, and the motion for nonsuit ought to have been overruled. Judgment reversed.                                        REVERSED.

---

[Argued March 26; decided April 17, 1894; rehearing denied.]